UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **Jose Carlos Febo Rodriguez** and **Maibi Navas Moran** *Plaintiffs*, | X X X X |
| v. | X   Case No. X |
| **Kevin McAleenan**, Acting Secretary, Department Of Homeland Security; **L. Francis Cissna**, Director, Citizenship and Immigration Services; Immigration Services; **Michael Borgen**, District Director, Citizenship and Immigration Services, Orlando, Florida; **Kimberly D. Dean,** Orlando Field Office Director, Citizenship and Immigration Services, *Defendants*. | X X X X X X X X X X / |

**COMPLAINT SEEKING REVIEW OF FINAL AGENCY ACTION
PURSUANT TO THE ADMINISTRATIVE PROCEDURE ACT AND
ALTERNATIVE REQUEST FOR ISSUANCE OF WRIT OF MANDAMUS**

To the Honorable Judge of Said Court:

**I. INTRODUCTION**

This action is brought by Plaintiffs to request that this Court exercise its authority to review a Form I-130, Petition for Alien Relative ("Form I-130"), and a Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-485"). These applications were filed with United States Citizenship and Immigration Services ("USCIS") and denied via decisions dated January 30, 2019. Were the agency to vacate its decisions and reopen its administrative proceedings, Plaintiffs would request that this

Court compel Defendants to adjudicate Plaintiffs applications within a reasonable time period thereafter.

## II. PARTIES

1. That the Plaintiff, **Jose Carlos Febo Rodriguez ("Plaintiff Jose")**, is a citizen of the United States ("USC") and is married to Plaintiff Maibi Navas Moran.

2. That the Plaintiff, **Maibi Navas Moran (A 208-859-857)** ("Plaintiff Maibi"), is a native and citizen of Venezuela and is married to Plaintiff Jose.

3. That the Defendant, **Kevin McAleenan**, is the Acting Secretary of the Department of Homeland Security. He is responsible for the administration and enforcement of the Immigration and Nationality Act in accordance with 8 U.S.C. §1101 *et seq*. Defendant McAleenan is being sued in his official capacity.

4. That the Defendant, **L. Francis Cissna**, is the Director of USCIS, an agency of the United States government involved in the acts challenged in this action. Defendant Cissna is being sued in his official capacity

5. That the Defendant, **Michael Borgen**, is the District Director for District 10 of USCIS. Defendant Borgen is being sued in his official capacity.

6. That the Defendant, **Kimberly D. Dean**, is the Field Office Director of the Orlando, Florida office of USCIS. Defendant Dean is being sued in her official capacity.

### III. JURISDICTION

7. That jurisdiction is conferred by 5 U.S.C. §704. Plaintiffs are aggrieved by adverse final agency action in this case, as the Administrative Procedure Act requires in order to confer jurisdiction on the District Courts, 5 U.S.C. §§702 *et seq.*

8. That this is a civil action brought pursuant to 28 U.S.C. §§ 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiffs, by which jurisdiction is conferred, to compel Defendants to perform duties owed to Plaintiffs.

9. That the aid of the Court is invoked under 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgment.

10. That costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act. 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et seq.*

### IV. VENUE

11. That venue is proper in the Orlando Division of the Middle District of Florida as Plaintiffs reside within Osceola County, Florida, within the territorial jurisdiction of the Orlando Division.

### V. REMEDY SOUGHT

12. That Plaintiffs seek judicial review of Defendants' January 30, 2019 denials of Plaintiffs' Form I-130 and Form I-485 pursuant to the Administrative Procedure Act ("APA"). 5 U.S.C. § 706(2). Were Defendants to vacate the agency's January 30, 2019 denials of Plaintiffs' Form I-130 and Form I-485, Plaintiffs seek aid from the Court to compel Defendants to adjudicate said applications within a reasonable time period thereafter.

## VI. CAUSE OF ACTION

13. That Plaintiff Maibi is a native and citizen of Venezuela and is married to Plaintiff Jose, a USC.

14. That Plaintiff Jose filed a Form I-130 on behalf of Plaintiff Maibi seeking to accord her classification as an "immediate relative" in accordance with 8 U.S.C. § 1151(b)(2)(A)(i) because she is the spouse of a USC. This petition was received by Defendants on or about December 8, 2017 and assigned receipt number MSC 18-903-49868.

15. That concomitantly with the submission of the Form I-130, Plaintiff Maibi filed for "adjustment of status" to that of an alien lawfully admitted for permanent residence by submitting a Form I-485 to Defendants. This application was received by Defendants on or about December 8, 2017 and assigned receipt number MSC 18-903-49867.

16. That on or about July 9, 2018, Plaintiffs provided USCIS with an updated address for each applicant.

17. That USCIS allegedly scheduled Plaintiffs for an interview at the USCIS Field Office in Orlando, Florida on January 30, 2019.

18. That Plaintiffs did not appear for this scheduled interview.

19. That on or about January 30, 2019, USCIS issued a decision denying Plaintiff Jose's Form I-130 on grounds that the application was considered abandoned for failure to appear at a scheduled interview.

20. That Defendants concomitantly issued a decision denying Plaintiff Maibi's Form I-485 on grounds that Plaintiff Maibi could not establish her eligibility for "adjustment of status" in light of the denial of Plaintiff Jose's denied Form I-130.

21. That pursuant to 8 C.F.R. § 265.1 an alien present in the United States is required to report a change of address within 10 days of changing address.

22. That § 103.2(b)(13)(ii) provides that

> "Failure to appear for biometrics capture, interview or other required in-person process… if USCIS requires an individual to appear for biometrics capture, an interview, or other required in-person process but the person does not appear, the benefit requests shall be considered abandoned and denied unless by the appointment time USCIS has received a chance of address or rescheduling request that the agency concludes warrants excusing the failure to appear."

23. That Plaintiffs complied with § 265.1 and updated their address with USCIS.

24. That despite Plaintiffs having complied with §265.1, they never received notice of the January 30, 2019 interview.

25. That Plaintiffs have no knowledge of the date their interview notice was issued or to which address USCIS sent said notice; however, based on the date of filing the change of address (July 10, 2018) and the date of the scheduled interview (January 30, 2019), Plaintiffs submit that their interview was scheduled more than 90 days following the change of address submitted to USCIS by Plaintiffs.

26. That Plaintiffs note that the January 30, 2019 denials were received at their updated address.

27. That in light of Plaintiffs' receipt of their denial notices at the new address they provided to the agency in July 2018, they have reason to believe that the officer who

5

issued the January 30, 2019 denial notices had access to a computer database reflecting their change of address.

28. That the agency's January 30, 2019 decision to deny the Form I-130 and Form I-485 represent "final agency action" within the meaning of § 702 of the APA.  5 U.S.C. § 702.

29. That Plaintiffs have suffered a "legal wrong" within the meaning of APA § 704. 5 U.S.C. § 702.

30. That Plaintiffs seek the aid of this Court in reviewing "final agency action" pursuant to the APA and as discussed herein.

31. That were the agency inclined to vacate its January 30, 2019 decisions denying Plaintiffs' Form I-485 and Form I-130, Plaintiffs invoke the aid of the Mandamus Act and the APA to compel Defendants to adjudicate Plaintiffs' applications consistent with applicable statutory provisions, regulations and policy guidance.  Further, Plaintiffs would request that the agency be required to adjudicate the reopened Form I-130 and Form I-485 within a "reasonable" period thereafter and based upon Defendants' initial receipt of the Form I-130 and Form I-485.

32. That there is no other reasonable remedy at law which will result in a timely resolution of the issues described above.  Plaintiffs' cause of action arises from administrative action wrongfully denied pursuant to the APA and Plaintiffs seek judicial review of the same pursuant to 5 U.S.C. §706(2).

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action;

2. Conduct such hearings and examinations of Plaintiffs as necessary to determine that the relief requested by Plaintiffs is warranted as a matter of law;

3. Declare Defendants actions in the proceedings below as arbitrary and capricious, an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. §706(2);

4. Were the agency to vacate its decisions, Plaintiffs would ask the Court to issue a preliminary and permanent injunction pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1) compelling Defendants to adjudicate Plaintiffs' Form I-130 and Form I-485 within a reasonable period of time thereafter;

5. Were the agency to vacate its decisions, Plaintiffs would ask the Court to issue a writ in the nature of mandamus, pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1), compelling Defendants to adjudicate Plaintiffs' Form I-130 and Form I-485 within a reasonable period of time thereafter;

6. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. §2412;

7. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,
/s/  David Stoller  /s/
David Stoller, Esquire
Attorney for Plaintiffs
Florida Bar #92797
4445 S. Conway Rd.
Orlando, Florida 32812
Phone: (407) 999-0088
Fax: (407) 382-9916
Email: david.stoller@davidstollerlaw.com

# Table of Contents
# Documents in Support of Complaint
# Jose Carlos Febo Rodriguez and Maibi Navas Moran v. Kevin McAleenan, et al.

Exhibit 1 :   Confirmation of Change of Address;

Exhibit 2 :   Decisions denying Form I-130 and Form I-485 (January 30, 2019).